**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4909

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CESAR MENDOZA-RIVERA, a/k/a Carlos Conchiano,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (7:06-cr-00012-D)

Submitted: March 30, 2007            Decided: May 2, 2007

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Mendoza-Rivera pled guilty to illegal reentry into the United States after having been convicted of an aggravated felony and removed from the United States, in violation of 8 U.S.C. § 1326(a), (b)(1) (2000). The district court sentenced him to fifty-seven months imprisonment. Mendoza-Rivera appeals the sentence, contending that this circuit's decision to review sentences within a correctly calculated guideline range as presumptively reasonable renders the guidelines mandatory and is consequently unconstitutional. We affirm.

Following United States v. Booker, 543 U.S. 220 (2005), we review a sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006) (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), petition for cert. filed, ____ U.S.L.W. ____ (U.S. July 21, 2006) (No. 06-5439). While a district court must consider the various § 3553(a) factors and explain its sentence, it

need not explicitly reference § 3553 or discuss every factor on the record. Johnson, 445 F.3d at 345. This is particularly true when the sentence is within the applicable guideline range. Id. In fact, one reason that a sentence within an advisory range is presumptively reasonable is that the most salient § 3553(a) factors are already incorporated into guideline determinations. Id. at 342-43.

A sentence falling outside the guidelines is not presumptively unreasonable. However, if the sentence was based on an error in interpreting the guidelines or if the court provided an inadequate statement of reasons or relied on improper factors, the sentence will be unreasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A variance justified by reasons tied to § 3553(a) generally will be reasonable. When a variance from the guidelines is substantial, we must scrutinize the reasoning more intensely. The further the sentencing court diverges from the guideline range, the more compelling the reasons for the divergence must be. Moreland, 437 F.3d at 434.

In light of our precedents, we find no merit in Mendoza-Rivera's claim that our standard of review renders the guidelines per se mandatory. We further conclude that Mendoza-Rivera has failed to rebut the presumption that his sentence is reasonable.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>